# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LEWIS WIMBERLY,<br><br>    Petitioner,<br><br>v.<br><br>J. GASTELO, Warden,<br><br>    Respondent. | Case No. CV 17-8447 MRW<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

The Court dismisses Petitioner's habeas action as untimely. The Attorney General convincingly demonstrates that, regardless of the merits of Petitioner's claim for equitable tolling, he failed to file his federal action within the time limit set under AEDPA. The action must be dismissed with prejudice on this basis.

**FACTUAL AND PROCEDURAL HISTORY**

Petitioner is a state prisoner. In April 2013, he pled nolo contendere to kidnapping and gun charges. The trial court sentenced him to sixteen years in

state prison. (Docket # 19 at 8.) Petitioner did not appeal his conviction or sentence.

**Petitioner's State Habeas Filings**

Instead, beginning in September 2016, Petitioner filed a series of habeas petitions in state court. The state superior court denied relief in a short order. (Docket # 7 at 22-23.) In later actions, the state appellate and supreme courts denied habeas relief on procedural grounds for failing to state a prima facie claim. (Docket # 20-3, 20-6.)

**This Federal Action**

Petitioner filed this federal action in November 2017. (Docket # 1.) The Court screened the petition pursuant to Habeas Rule 4. The Court noted in the screening order that Petitioner's action was facially untimely by several years under federal law. In addition, the Court noted that Petitioner's claims were not exhausted. The Court directed Petitioner to submit a supplemental statement with supporting evidence to establish: (a) the timeliness of the federal action; (b) any claim for tolling (including equitable tolling) of the limitations period; and (c) the proper exhaustion of his claims in state proceedings. (Docket # 4.)

Petitioner filed an amended petition in response to the Court's order. (Docket # 7.) In that pleading, Petitioner provided a three-page declaration in which he contended that prison transfers, health issues, separation from his personal property, and limited access to prison law libraries explained his delay in filing his federal action. (Id. at 26-28.) Petitioner augmented his declaration with prison transfer records and related materials. (Id. at 30-35.) The upshot of his presentation: Petitioner claims that he could not work on his petitions from the time of his sentencing in April 2013 until March 16, 2016, "and was then able to continue working on my habeas." (Id. at 27.) (Petitioner also acknowledged that he was able to "effectively start working on my habeas" for a

172-day period between April and November 2015 (206 days less an ill-described 34 days during which he "was unable to gain access" to the library). (Id.))

The Attorney General moved to dismiss the petition as time-barred and unexhausted. (Docket # 19.) Petitioner filed a short statement repeating his request for relief from federal timeliness rules, and reiterating his claims of ineffective assistance of counsel and an unfair sentence. (Docket # 27.)

**LEGAL PRINCIPLES AND ANALYSIS**

### Timing and Tolling Under AEDPA

***Statute of Limitations.*** Under AEDPA, state prisoners have a one-year period within which they must seek federal habeas review of their habeas claims. 28 U.S.C. § 2244(d)(1). The AEDPA limitations period is generally triggered when state court appellate review becomes final. 28 U.S.C. § 2244(d)(1)(A); Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011). When a California prisoner does not appeal a conviction, that conviction becomes final under AEDPA sixty days after the entry of judgment. Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2011); Cal. R. Ct. 8.308(a).

***Statutory and Gap Tolling.*** The AEDPA limitations period can be tolled under the statute. The limitations period is tolled when a prisoner properly files an application for state habeas review (statutory tolling). 28 U.S.C. § 2244(d)(2). A prisoner may also obtain tolling for the period of time between the conclusion of one state habeas proceeding and the institution of another habeas action (gap tolling). Id. Gap tolling – which, in California, is akin to the period of time allowable in other states to file an appeal in a higher court regarding an adverse habeas decision – is generally limited to a period of thirty to sixty days. Evans v. Chavis, 546 U.S. 189, 201 (2006); Stewart v. Cate, 757 F.3d 929, 935 (9th Cir. 2014) (same).

*Equitable tolling.* A habeas petitioner may obtain equitable tolling of the AEDPA statute of limitations. A prisoner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010); Fue v. Biter, 842 F.3d 650, 653 (9th Cir. 2016) (en banc). A prisoner must establish that "the extraordinary circumstances were the cause of his untimeliness." Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (emphasis added). A district court may make findings of fact regarding specific periods of time for which a prisoner claims equitable tolling. Ramirez v. Yates, 571 F.3d 993, 1000 (9th Cir. 2009).

Equitable tolling is "unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1007 (9th Cir. 1999). It requires a prisoner to clear "a very high bar, and is reserved for rare cases." Yeh v. Martel, 751 F.3d 1075, 1077 (9th Cir. 2014). Circumstances that are typical for incarcerated inmates – such as the lack of legal training or limitations on law library access – generally are insufficient to meet the high standard for equitable tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, and extraordinary circumstance"); Ford v. Pliler, 590 F.3d 782, 789 (9th Cir. 2009) (equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) ("Ordinary prison restrictions" on law library access not "extraordinary"); Bryant v. Ariz. Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007) (prisoner required to prove that lack of access to trial record was cause for delay in seeking habeas relief).

**Analysis**

This action is untimely on its face. 28 U.S.C. § 2244(d)(1)(A). Petitioner was sentenced in late April 2013. He had 60 days to file an appeal. He did not.

Accordingly, Petitioner's conviction became final in June 2013. He had until June 2014 to file his federal habeas action. Petitioner did not bring this federal case until November 2017. Petitioner missed his AEDPA filing deadline by over three years.

Petitioner contends that he is entitled to equitable tolling of the AEDPA limitations period from the date of his sentencing in April 2013 until he was reunited with his property and regained prison library access in March 2016. (Docket # 7 at 26-27.) However, the Attorney General convincingly demonstrates that, even if Petitioner was entitled to the maximum amount of equitable tolling he requests (which the Attorney General vigorously contests), his action still falls outside of the AEDPA filing window. (Docket # 19 at 14.)

Assuming the Court were to grant Petitioner's equitable tolling request, his one-year period to file for federal habeas relief [28 U.S.C. § 2244(d)] began on <u>March 16, 2016</u>, and ended on <u>March 16, 2017</u>. Petitioner also would be entitled to statutory tolling of that period for the following:

- pendency of superior court habeas action (Sept. 2-Oct. 26, 2016) (54 days);
- pendency of appellate court habeas action (Feb. 1-Apr. 14, 2017) (72 days); and
- pendency of supreme court habeas action (July 20-Sept. 27, 2017) (69 days).

That extended the AEDPA filing period for <u>195 days</u>, or until September 27, 2107.

But, even with this substantial amount of time tolling, Petitioner filed his federal action well after the expiration of the federal time limit. The petition that he filed on November 14, 2017, was untimely by nearly two months even with equitable and statutory tolling. And, if the Court credits Petitioner's candid

admission that he had an additional 172 days to work on his petition in 2015 (Docket # 7 at 27), his AEDPA deadline moves back even further into April 2017. Again, his federal action is untimely.

The Court agrees with the Attorney General that Petitioner is not entitled to gap tolling of the limitation period. (Docket # 19 at 15 n.5.) Petitioner delayed filing his state appellate action for 98 days after the superior court denial. He also delayed filing his supreme court action for 97 days after the end of the appellate court case. Those gaps far exceed the 60-day period that is considered presumptively reasonable for gap tolling purposes. Evans, 546 U.S. at 201; Stewart, 757 F.3d at 935. Petitioner had several opportunities to convince the Court why it should consider these gaps reasonable. (Docket # 1, 7, 27.) He failed to do so. Gap tolling is not available here.

* * *

The Court declines to address whether Petitioner is, in fact, entitled to equitable tolling based on his prison conditions and transfers. The Attorney General cogently notes that Petitioner failed to convincingly establish why failure to possess his legal case file prevented him from advancing his claims of ineffective assistance in plea negotiations or his desire to withdraw his guilty plea. On the other hand, aspects of his partially documented prison travels (including a period of time in U.S. Marshals custody, time spent in South Carolina, and an undetermined stint in a prison hospital (Docket # 7 at 26-27)) could conceivably present extraordinary circumstances sufficient to warrant relief. Fue, 842 F.3d at 653; Porter, 620 F.3d at 959.

But, as noted above, even Petitioner's best-supported, maximum claim for equitable tolling cannot save his untimely petition. Ramirez, 571 F.3d at 1000. Petitioner appears to have squandered nearly six months of his AEDPA one-year window after he admits that he became able to "work" on his habeas

presentation. He also lost nearly seven months during the periods between his active (if procedurally incorrect) actions in the higher state courts. It serves no real purpose for the Court to reach the merits of his tolling argument; his petition remains untimely and subject to dismissal.[1]

**CONCLUSION**

The Court concludes that Petitioner's federal habeas action is untimely under AEDPA. The action is therefore DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: August 13, 2018

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner offered no response to the Attorney General's contention that the Swain-Duvall denials from the state supreme court render his claims unexhausted. 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509 (1982). The claims likely cannot be properly presented in the state courts, exhausted, and returned to this Court in a timely manner under Section 2244. The petition is subject to dismissal on the basis of lack of exhaustion, too.